Debtor **VERNON EDWARD HALL**
**REBECCA ANN HALL**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | $757.25 | Weekly | 60 months | ☑ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from: |

**2.2 Income tax refunds.**
☑ Debtor(s) will retain any income tax refunds received during the plan term.

**2.3 Additional payments.**
☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $196,885.20.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.**
☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

| Debtor | **VERNON EDWARD HALL** | Case number | |
| | **REBECCA ANN HALL** | | |

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| OCWEN LOAN SERVICING, LLC | 202 BONNIE DRIVE Portland, TN 37148 Sumner County | $674.51 | Prepetition: $1,349.02<br>Gap payments: $674.51<br>Last month in gap: **December** | 0.00% | $674.51, All Funds, Class 6, $1,349.02, All Funds, Class 7 |

**3.2 Request for valuation of security and claim modification.**

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| REPUBLIC FINANCE | $2,964.00 | 2002 CHEVROLET BLAZER 140000 miles | $3,600.00 | $0.00 | $2,964.00 | 4.25% | $253.00 |
| SECOND ROUND LP | $4,353.00 | DINING ROOM SUITE, COUCH, LOVESEAT | $290.00 | $0.00 | $290.00 | 4.25% | $49.00 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in

| Debtor | **VERNON EDWARD HALL**<br>**REBECCA ANN HALL** | Case number | |
|---|---|---|---|

accordance with the Bankruptcy Rules controls over any contrary amount listed below.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION | 2015 NISSAN ARMADA 15,000 miles | $36,734.00 | 4.25% | $1,089.00 |

**3.4 Lien avoidance**.

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this section will be effective only if the applicable box in § 1.2 is checked**

☑ The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor**<br>**WORLD FINANCE CO** | a. Amount of lien | $1,779.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $845.00 | |
| **Collateral**<br>55" TV - 150.00, I-PAD MINI - 50.00, DESKTOP COMPUTER - 50.00, 50" TV - 150.00, TABLET - 10.00, EXERCISE BIKE - 100.00, TREADMILL - 100.00, 8 FISHING POLES - 80.00, LAWNMOWER - 25.00, CHAINSAW - 20.00, WEEDEATER - 10.00, TILLER - 100.00, 20 | d. Total of adding lines a, b, and c | $2,624.00 | **Interest rate** (if applicable)<br>% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number)<br>**Non-Purchase Money Security**<br>**04/01/2017** | e. Value of debtor's interest in property | -$845.00 | |
| | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | $1,779.00 | |
| | Extent of exemption impairment<br>*(Check applicable box)*<br>☑ Line f is equal to or greater than line a.<br>The entire lien is avoided *(Do not complete the next column)*<br>☐ Line f is less than line a.<br>A portion of the lien is avoided. *(Complete the next column)* | | **Estimated total payments on secured claim** |
| **Name of Creditor**<br>**WORLD FINANCE CO** | a. Amount of lien | $3,975.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $1,779.00 | |
| | c. Value of claimed exemptions | $845.00 | |
| **Collateral**<br>55" TV - 150.00, I-PAD MINI - 50.00, DESKTOP COMPUTER - 50.00, 50" TV - 150.00, | d. Total of adding lines a, b, and c | $6,599.00 | **Interest rate** (if applicable)<br>% |

| Debtor | **VERNON EDWARD HALL**<br>**REBECCA ANN HALL** | Case number | |
|---|---|---|---|

**TABLET - 10.00, EXERCISE BIKE - 100.00, TREADMILL - 100.00, 8 FISHING POLES - 80.00, LAWNMOWER - 25.00, CHAINSAW - 20.00, WEEDEATER - 10.00, TILLER - 100.00, 20**

| **Lien identification** (such as judgment date, date of lien recording, book and page number)<br>**Non-Purchase Money Security**<br>**12/05/2016** | e. Value of debtor's interest in property<br><br>f. Subtract line e from line d. | **-$845.00**<br><br><br>**$5,754.00** | **Monthly plan payment** |
|---|---|---|---|

Extent of exemption impairment
*(Check applicable box)*

☑ **Line f is equal to or greater than line a.**
The entire lien is avoided *(Do not complete the next column)*

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

**Estimated total payments on secured claim**

**3.5 Surrender of collateral.**
   ☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
   ☑ The debtor(s) surrender to each creditor below the listed collateral. Upon confirmation of this plan the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1.

| Name of Creditor | Collateral | Anticipated Deficiency |
|---|---|---|
| **PERSONAL FINANCE** | **1997 DODGE RAM 160000 miles SURRENDER** | **$300.00** |

**Part 4: Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,500.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below.
   ☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**
   **(a) Pre- and postpetition domestic support obligations to be paid in full.**
   ☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

   **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
   ☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.**
   ☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

**Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective.
   ☑   **100.00** % of the total amount of these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**
   ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

| Debtor | **VERNON EDWARD HALL** | Case number | |
| | **REBECCA ANN HALL** | | |

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.**
    ☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**
    Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**
    ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | Order of Distribution of Available Funds by Trustee |

**7.1 The trustee will make monthly disbursements of available funds in the order specified.**
    ☑ **Alternative order of distribution:**
      1. Filing Fee
      2. Notice Fee
      3. Continuing Mortgage Payments
      4. Monthly Payments on Secured Debts
      5. Attorney's Fee
      6. Mortgage Arrears - "GAP" Pymt for December, 2017
      7. Mortgage Arrears - Pre-Pet Pymt through November, 2017
      8. General Unsecured Creditors
      9. § 1305 Claims

| Part 8: | Vesting of Property of the Estate |

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☑ other: **Entry of Discharge**

| Part 9: | Nonstandard Plan Provisions |

*Nonstandard provisions are required to be set forth below.*
**These plan provisions will be effective only if the applicable box in § 1.3 is checked.**
**Confirmation of this Plan imposes upon any claimholder treated under § 3.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "re-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.**

**The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.**

**The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.**

**Postpetition Claims. Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 14th day of November, 2017, I mailed a copy of the Chapter 13 Plan via 1st Class USPS mail to **ATTN: OFFICER, MANAGER, AND/OR AGENT, Nissan Motor Acceptance Corporation**, P. O. Box 660360, Dallas, TX 75266-0360; **Republic Finance**, 536 W Main Street,

| Debtor | **VERNON EDWARD HALL** | Case number | |
|---|---|---|---|
| | **REBECCA ANN HALL** | | |

Gallatin, TN 37066; **Second Round LP**, 4150 Friedrich Lane, Austin, TX 78744; **World Finance Co.**, 108 Frederick Street, Greenville, SC 29607-2532.

### Part 10: Signatures:

X **/s/ WILLIAM BRYAN ROEHRIG, III**          Date **November 14, 2017**
　　**WILLIAM BRYAN ROEHRIG, III**
**Signature of Attorney for Debtor(s)**

X **/s/ VERNON EDWARD HALL**          Date **November 14, 2017**
　　**VERNON EDWARD HALL**

X **/s/ REBECCA ANN HALL**          Date **November 14, 2017**
　　**REBECCA ANN HALL**
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**